UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

=====================================
GITTH ROTH individually and
on behalf of all others similarly situated


                     Plaintiff,


   -against-


GC SERVICES LIMITED PARTNERSHIP


                    Defendant.

=====================================

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Gitth Roth files this Complaint seeking redress for the illegal practices of GC Services Limited Partnership, in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Houston, Texas.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Gitth Roth*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about March 13, 2015, GC Services Limited Partnership sent a collection letter to the Plaintiff Gitth Roth.

11. The said letter was an effort to collect on a consumer debt.

12. Said letter stated as follows: "Chase Bank USA, NA is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a form 1099c."

13. Defendant's said statement is deceptive and misleading in violation of the FDCPA.

14. Internal Revenue Code 26 U.S.C. § 6050P as further defined and clarified by the Treasury Regulation 1.6050P-1 (a)(1), states "a discharge of indebtedness is deemed to have occurred . . . if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section." Paragraph (b)(2)(F) of that section defines an "identifiable event" as "[a] discharge of indebtedness pursuant to an agreement between an applicable entity and a debtor to discharge indebtedness at less than full consideration." 26 C.F.R. § 1.6050P-1(b)(2)(F).

15. However, Treasury Regulation 1.6050P-1, outlines certain exceptions to the § 6050P reporting requirement. 26 C.F.R. § 1.6050P-1(d). The most pertinent of these eight exceptions for the present case are §§ 1.6050P-1(d)(2) and (3), which reads:

> (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.
>
> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

16. It is therefore entirely possible to forgive $600 or more of the debt and yet not be required to even file a Form 1099C.

17. Furthermore, a consumer who has had difficulty paying his debts is unlikely to have income as a result of the settlement of a debt, in that such a person is more likely to be insolvent (in the sense that his liabilities exceed his assets) and the discharge of indebtedness by someone who is insolvent is not income.

18. The Defendant gives erroneous and/or incomplete tax advice to

consumers.

19. The purpose and effect of the statement is to suggest to the unsophisticated consumer that failure to pay will get the consumer into trouble with the IRS.[1]

20. The statement in the said March 13, 2015 letter concerning tax consequences is false and misleading, and omits to state material facts, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

21. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## *Class Allegations*

22. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

23. The identities of all class members are readily ascertainable from the records of GC Services Limited Partnership and those business and governmental entities on whose behalf it attempts to collect debts.

24. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of GC Services Limited Partnership, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

---

[1] *Good v. Nationwide Credit, Inc.*, No. 14-4295, 2014 WL 5422103 (E.D. Pa., Oct. 27, 2014); *Wagner v. Client Services, Inc.*, No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); *Sledge v. Sands*, 182 F.R.D. 255 (N.D.Ill. 1998); *Kaff v. Nationwide Credit, Inc.*, 13-cv-05413-SLT-WP.

25. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

26. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

27. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

28. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

29.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims,

violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

30. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

32. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. This cause of action is brought on behalf of Plaintiff and the members of a class.

35. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint; and (a)

the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered, and (c) the Defendant's statement in the said March 13, 2015 letter concerning tax consequences is false and misleading, and omits to state material facts, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).

### *Violations of the Fair Debt Collection Practices Act*

36. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

37. Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

38. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

c) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

   Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
March 11, 2016

        /s/ David Palace_____
        **Law Offices of David Palace** (DP 3855)
        383 Kingston Ave. #113
        Brooklyn, New York 11213
        Telephone: 347-651-1077
        Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

        /s/ David Palace_____
        David Palace esq. (DP 3855)

# GC Services
### Limited Partnership

GITTH ROTH
1454 43RD ST APT A2
BROOKLYN, NY 11219

DATE: March 13, 2015
YOU OWE: Chase Bank USA, N.A.
BALANCE DUE: $415.14
ACCOUNT #: XXXXXXXXXXX1087
FILE #: Redacted

Dear GITTH ROTH:

In reference to the above mentioned account, it will be considered settled for **$211.72** if received in my office as follows:

$211.72    due by March 25, 2015

Provided that any payment you made with a personal check or automatic draft is not returned unpaid by your bank, for any reason, GC Services will report to Chase Bank USA, N.A. that our records reflect that the above mentioned account is settled.

GC Services
6330 Gulfton
Houston, TX 77081
**(866) 391-0768**

Sincerely,

*Alison Moran*

Alison Moran
Sr. Assistant Manager
GC Services

**Chase Bank USA, NA is required by the IRS to provide information about certain amounts that are discharged as a result of a cancellation of a debt on a form 1099c. If Chase Bank USA, NA is required to notify the IRS, you will receive a copy of the form 1099c that is filed with the IRS.**

**Chase wants you to know that this debt settlement may affect your ability to open a new account or borrow money from Chase in the future. In most cases, Chase does not approve applications from customers who haven't paid the account balance back in full—even when an agreement is made for a partial payment to satisfy a debt.**